1  Deborah Barron, Esq. (SBN 153840)
   Laura J. Webb, Esq. (SBN 294057)
2  BARRON LAW CORPORATION
   1900 Point West Way, Suite 202
3  Sacramento, California 95815
   Telephone: (916) 486-1712
4  Facsimile:  (916) 927-5524

5  Attorneys for Plaintiff
   Joyce Crum & Elvin Crum
6

7

8                 **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ELVIN CRUM, individually; and,          )    CASE NO.
    JOYCE CRUM, individually,               )
                                            )    **COMPLAINT FOR DAMAGES**
12                Plaintiffs,               )
                                            )    **(Demand for Jury Trial)**
13  vs.                                     )
                                            )
14  US AIRWAYS, INC. and DOES 1 through     )
    100, inclusive,                         )
15                                          )
                                            )
16                Defendants.               )
    _____)

17      Plaintiffs ELVIN CRUM and JOYCE CRUM  bring this action, alleging as follows:

18                    **JURISDICTION AND VENUE**

19      1.      This action is brought pursuant to 28 U.S.C. § 1331 in that the action arises under

20  the provisions of the Convention for the Unification of Certain Rules Relating to International

21  Carriage by Air (hereinafter "Montreal Convention"), an international treaty entered into by the

22  United States. The action is also brought pursuant to 28 U.S.C. § 1332 as there is diversity of

23  citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

24      2.      Venue is proper in this Court pursuant to Article 33 of the Montreal Convention.

25                              **PARTIES**

26      3.      Plaintiffs Elvin Crum and Joyce Crum ("Plaintiffs"), at all times material hereto,

27  were and are  individuals residing in Oakland, State of California.

28      4.      Plaintiff is informed and believes that defendant US AIRWAYS, INC. is a

                                    1

1  Delaware corporation doing business in the United States with its headquarters and principal

2  place of business in Tempe, Arizona. Defendant US AIRWAYS is and was registered with the

3  California Secretary of State and is was doing business in this District. US AIRWAYS routinely

4  engages in continuous and systematic business in this District, sufficient to subject it to personal

5  jurisdiction of this Court.

6       5.    Defendants, Does 1 through 100, inclusive, are individuals or entities currently

7  unknown to Plaintiff, who are therefore sued by these fictitious names. Plaintiff is informed and

8  believes and therefore alleges that each of these Doe defendants was in some manner legally

9  responsible for the events and happenings alleged in this complaint and legally caused the

10  injuries and damages alleged herein. Plaintiff will ask leave of this Court toamend this complaint

11  when the true names and capacities of any Doe become known to plaintiff.

12       6.    At all relevant times herein, defendants, their aggregates, corporations,

13  subsidiaries, associates, and partners, or otherwise, and each of them, were agents, employees,

14  joint venturers and/or engaged in a joint enterprise with each other, and were acting within

15  the purpose, course and scope, and in furtherance of such partnership, agency, employment,

16  joint venture, and/or joint enterprise.

17       7.    At all relevant times herein, all Defendants and each of them, were fully informed

18  of the actions of their agents and employees, and thereafter no officer, director or managing agent

19  of Defendants repudiated those actions, which failure to repudiate constituted adoption and

20  approval of said actions and that all defendants, and each of them, by said conduct, or otherwise,

21  ratified those actions.

22       8.    At all times herein mentioned, Defendant US AIRWAYS was a common

23  carrier for hire engaged in the transportation of passengers in both domestic and

24  international air travel. Defendant US Airways owned, operated, managed, controlled, serviced,

25  maintained, flew, and supervised, through its agents and employees acting in the course and

26  scope of their employment, certain aircraft used as Flight 720 on June 20, 2012 from San

27  Francisco International Airport to Rome, Italy, and employed, instructed, entrusted, and

28  controlled the crew on said aircraft.

2

**Complaint for Damages**

9.     On or about June 20, 2012, Plaintiffs JOYCE AND ELVIN CRUM were fare-paying passengers on-board US AIRWAYS Flight 720, an international flight from San Francisco, California to Rome, Italy.

10.     On or about June 20, 2012, Plaintiff ELVIN CRUM suffered shock and injury to his body when, approximately, one hour into Flight #720, snacks were being served by the flight attendant, and while the flight attendant was passing out snacks, not paying attention to the snack cart, drove the in-flight service cart into plaintiff ELVIN CRUM's right knee, striking him. Plaintiff ELVIN CRUM at that time was asleep, and the force of the impact was so great, it woke him, and he sustained permanent bodily injuries, pain, suffering, worry, and anxiety.

11.     As a direct and proximate result of the conduct of Defendant US AIRWAYS, and those employees and agents acting on its behalf, Plaintiff ELVIN CRUM sustained injuries on said flight as a result of an "accident" within the meaning of the Montreal Convention.

## FIRST CAUSE OF ACTION

### Action Against Defendant US AIRWAYS

### and DOES 1 through 10, Inclusive

### (NEGLIGENCE)

12.     Plaintiff ELVIN CRUM  incorporates by reference each of the previous allegations as well as all allegations subsequent to this Count.

13.     The injuries to Plaintiff ELVIN CRUM occurred due to the negligence and recklessness of the  US AIRWAYS flight crew on Flight 720.

14.     US AIRWAYS was negligent in its failure to adequately train and supervise the flight crew of Flight 720, specifically as it relates to in-flight service cart protocol and security measures.

15.     Prior to and at the time of the accident as previously described, Defendant

**Complaint for Damages**

1   US AIRWAYS, through its agents and employees, negligently and carelessly owned, operated,

2   managed, controlled, serviced, maintained, flew and supervised said aircraft, and hired,

3   trained and supervised the flight and cabin crew, thereby proximately causing said accident.

4       16.   As a proximate result thereof of this Plaintiff's sustained bodily injuries, he was

5   unable to participate in most activities on his 11 day cruise with his wife, Plaintiff JOYCE

6   CRUM.

7       17.   As a proximate result thereof, this Plaintiff sustained permanent bodily injuries,

8   and has had and in the future will have pain, suffering, worry, and anxiety, all to Plaintiff's

9   general damages in an amount within the jurisdiction of the Court.

10       18.   As a proximate result thereof, this Plaintiff incurred and in the future

11   will incur medical and related expenses all to Plaintiff's damage in such amount as will be

12   proven at trial.

13       19.   As a proximate result thereof, this Plaintiff has and in the future will lose the

14   ability to do Plaintiff s usual work, and has and will have lost earning capacity all to Plaintiff s

15   damage in such amount as will be proven at trial.

16       21.   As a proximate result thereof plaintiff has lost the use of and interest in the money

17   owed to Plaintiff from the date of the incident to judgment as follows:

18           a.   On the medical expenses incurred to judgment;

19           b.   On the loss of earnings to judgment.

20       22.   The Montreal Convention, formally entitled the Convention for the

21   Unification of Certain Rules for International Carriage by air, sets forth the liability and

22   compensation owed by airlines for the injury and death of a passenger. Under Article 21(2),

23   Plaintiffs are entitled to provable damages in excess of 113,100 Special Drawing Rights

24   ("SOR") due to the negligence, carelessness, gross negligence and/or recklessness of

25   Defendants, its agents and/or its servants, as herein set forth.

26   ///

27   ///

28   ///

## SECOND CAUSE OF ACTION

### Action Against Defendant

### US AIRWAYS and DOES 1 through 10, Inclusive

### (STRICT LIABILITY)

23.     Plaintiff incorporates by reference each of the previous allegations as well as all allegations subsequent to this Count.

24.     At all times herein mentioned, Defendant US AIRWAYS was a common carrier for hire engaged in the air transportation of passengers. Defendant US AIRWAYS owned, operated, managed, controlled, serviced, maintained, flew, and supervised, through its agents and employees acting in the course and scope of their employment, certain aircraft used as Flight 720 on June 20, 2012 from San Francisco, California to Rome, Italy, and employed, instructed, entrusted, and controlled the crew on said aircraft.

25.     Prior to and at the time of the accident as previously described, Defendant US AIRWAYS, through its agents and employees, negligently and carelessly owned, operated, managed, controlled, serviced, maintained and flew and operated said aircraft, and hired, trained and supervised the flight and cabin crew, thereby directly and proximately causing an in-flight service cart in the narrow aisle to strike Plaintiff's knee, causing him to sustain permanent bodily injuries, pain, suffering, worry, and anxiety.

26.     Under Articles 17 and 21(a) of the Montreal Convention, Defendant US AIRWAYS is strictly liable to Plaintiffs for provable damages of up to 113,100 SDRs (which equates to approximately US $175,000).

27.     As a proximate result thereof this Plaintiff sustained permanent bodily injuries, and has had and in the future will have pain, suffering, worry, and anxiety, all to Plaintiff's general damages in an amount within the jurisdiction of the Court.

28.     In addition, under Article 21(2) of the Montreal Convention, due to the negligence, carelessness, gross negligence, and or recklessness herein described and the injuries and damages attendant thereto, Plaintiff seeks damages in excess of 113,100 SDR's, according to proof at the time of trial.

5

**Complaint for Damages**

29.     As a proximate result thereof, this Plaintiff incurred and in the future will incur medical and related expenses all to Plaintiff s damage in such amount as will be proven at trial.

30.     As a proximate result thereof, this Plaintiff has and in the future will lose the ability to do Plaintiff s usual work, and has and will have lost earning capacity all to Plaintiff s damage in such amount as will be proven at trial.

31.     As a proximate result thereof plaintiff has lost the use of and interest in the money owed to Plaintiff from the date of the incident to judgment  as follows:

      a.     On the medical expenses incurred to judgment;

      b.     On the loss of earnings to judgment.

WHEREFORE, Plaintiff ELVIN CRUM prays judgment as against Defendant US AIRWAYS, as follows:

    1.     For general damages in an amount to be proven, and no less than $75,000, together with prejudgment interest;

    2.     For compensatory, medical and related expenses according to proof;

    3.     For loss of earnings and earnings capacity according to proof;

    4.     For prejudgment interest on such items as is permitted by law;

    5.     For costs of suit incurred herein; and

    6.     For such other and further relief as this court may deem just and proper.

### THIRD CAUSE OF ACTION

**Action Against Defendant**

**US AIRWAYS and DOES 1 through 10, Inclusive**

**(LOSS OF CONSORTIUM)**

32.     Plaintiff JOYCE CRUM incorporates by reference each of the previous allegations as well as all allegations subsequent to this Count.

33.     At the time of the accident complained of in the Plaintiffs' Complaint, the Plaintiffs were married and that the Plaintiffs continue to be married.

34.     As a direct and legal  result of the wrongful and negligent acts of the Defendant,

6

**Complaint for Damages**

1   Plaintiff JOYCE CRUM was caused to suffer, and will continue to suffer in the future, loss of

2   consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of

3   their marital relationship.

4          35.     That all the aforesaid injuries and damages were caused solely and proximately by

5   the negligence of the Defendants.

6                                              **DAMAGES**

7          Defendant US AIRWAYS's negligence, its acts and omissions, and its breaches of its

8   duties as a common carrier proximately cased injuries and damages to Plaintiffs, including but

9   not limited to physical injuries, past and future medical expenses, past and future pain and

10  suffering, past and future emotional distress, past and future loss of enjoyment and life, past and

11  future physical disability, trauma, fear, and any and special and general damages allowed by law

12  or otherwise, and property loss, all in an amount to be proven at trial.  As of the date of this

13  Complaint for damages, Plaintiff ELVIN CRUM has not recovered from his injuries, which are

14  therefore alleged to be permanent in nature.

15                                        **PRAYER FOR RELIEF**

16         WHEREFORE, Plaintiff prays judgment against Defendants as follows:

17         1.     For general damages in a sum well in excess of the jurisdictional minimum of this

18                Court;

19         2.     For compensatory damages, including the cost of plane tickets, hotel, cruise, and

20                activity expenses throughout the cruise;

21         3.     For compensatory damages including medical, incidental, hospital and service

22                expenses according to proof;

23         4.     For future care and treatment expenses according to proof;

24         5.     For costs of suit incurred herein and prejudgement interest;

25         6.     For loss of income expenses according to proof;

26         7.     For loss of consortium for both Plaintiffs, jointly and severally;

27

28

**Complaint for Damages**

1      8.      For such other and further relief as the court deems equitable.

2

3                                      Respectfully submitted,

4   Dated:  June 19, 2014              BARRON LAW CORPORATION

5

6                              By: /s/ **Deborah Barron**
                                   DEBORAH BARRON
7                                  Attorneys for Plaintiff
                                   ELVIN CRUM & JOYCE CRUM
8

9                          **DEMAND FOR JURY TRIAL**

10          Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff requests a trial by jury on

11   all claims upon which he is entitled to a jury.

12

13   Dated:  June 19, 2014              BARRON LAW CORPORATION

14

15                             By: /s/ **Deborah Barron**
                                   DEBORAH BARRON
16                                 Attorneys for Plaintiff
                                   ELVIN CRUM & JOYCE CRUM
17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Damages**